UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENISE THOMAS,<br><br>                  Plaintiff,<br>    v.<br><br>BANKERS LIFE SECURITIES et al.,<br><br>                  Defendant. | CASE NO. 3:24-cv-05306-DGE<br><br>ORDER ON MOTION TO REMAND (DKT. NO. 12) |

      This matter comes before the Court on Plaintiff Denise Thomas's motion to remand this case to the Clark County Superior Court. (Dkt. No. 12.)

      Plaintiff filed a complaint for negligence against defendant on approximately March 29, 2024 in the Clark County Superior Court. (Dkt. No. 1-2.) Over a year prior to filing the complaint, Plaintiff had submitted an insurance complaint to the Washington State Insurance Commissioner claiming Plaintiff had incurred approximately $80,000 in medical bills related to the Defendants' conduct. (Dkt. Nos. 1 at 4; 1-5 at 12–13.)

      Plaintiff's complaint asserts damages "for medical bills of over $60,000." (*Id*. at 3.)

ORDER ON MOTION TO REMAND (DKT. NO. 12) - 1

On April, 22, 2024, Defendants filed a notice of removal. (Dkt. No. 1.) Plaintiff now seeks to remand the matter to the Clark County Superior Court, asserting this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. (Dkt. No. 12 at 3–4.) Plaintiff asserts by motion the claimed damages are between $69,000 and $70,000. (Dkt. No. 15 at 1) ("I had interpreted the [medical] bills to be . . . about $69,000, but in any case less than $70,000."). Included with Plaintiff's reply were a spreadsheet purporting to calculate Plaintiff's total medical costs and medical billing statements.[1] (*See* Dkt. Nos. 18 and 20.)

The parties concede there is complete diversity among the parties, so the only dispute is whether the amount in controversy exceeds $75,000 for diversity jurisdiction. (Dkt. Nos. 1, 13, 16.) In the event the Court is uncertain as to whether the jurisdictional limit is met, Defendants seek leave to conduct jurisdictional discovery regarding Plaintiff's damages. (Dkt. No. 16 at 4.)

To satisfy diversity jurisdictional requirements, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332. Litigants face a strong presumption against removal, and the removing party bears the burden of establishing jurisdictional thresholds have been met. *McGill v. Crump Life Ins. Servs., Inc.*, No. C15-0600 RSM, 2015 WL 1759231, at *3 (W.D. Wash. Apr. 17, 2015). "Normally, the burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement." *Gaus v. Miller, Inc.*, 980 564, 566 (9th Cir. 1992).

---

[1] Defendants ask to strike these documents based on hearsay and because they were not filed as part of the original motion. However, "[t]here is no authority requiring Courts to demand 'evidence actually admissible at trial . . . pursuant to the Federal Rules of Evidence' for motions to remand. *Wetzel v. CertainTeed Corp.*, 2016 WL 11617595, at *2 (W.D. Wash. Nov. 4, 2016) (quoting *Johnson v. Sunrise Living Management, Inc.*, 2016 WL 917888, at *4 (C.D. Cal. Mar. 8, 2016)). "When ruling on a motion to remand, courts may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists[.]" (*Id.*) (internal quotation marks omitted). In addition, as identified in this order *infra*, the Court does not find these documents persuasive in determining the full extent of Plaintiff's alleged medical costs. Accordingly, the Court will not strike the documents.

ORDER ON MOTION TO REMAND (DKT. NO. 12) - 2

If not facially apparent from a complaint, "a removing defendant is permitted to rely on a chain of reasoning that includes assumptions." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1199 (9th Cir. 2015). "[A]ssumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id*. If the amount in controversy is disputed, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).

Plaintiff seeks to disavow the $80,000 figure contained in their insurance complaint to the Washington State Insurance Commissioner, claiming such figure "was lodged before Plaintiff had the opportunity to work with an attorney . . . to calculate the damages that were incurred[.]" (Dkt. No. 12 at 4.) The problem is Plaintiff never explicitly states, "I am claiming no more than $75,000 in damages in this litigation or limiting my damages to $75,000." Nor is the evidence Plaintiff submitted to support their position clear. Plaintiff has not provided a complete catalog of expenses incurred in an easily understandable format. Instead, Plaintiff provides less than organized documents that do not identify costs incurred by date, provider, and expense.

In the context of settlement offers, "a defendant can use a plaintiff's settlement demand to establish the amount in controversy 'if it appears to reflect a reasonable estimate of the plaintiff's claims.'" *Briggs v. Serv. Corp. Int'l*, 653 F. Supp. 3d 839, 843 (W.D. Wash. 2023) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). But where the settlement offer is disavowed, it "may lose persuasive value." *Schmidt v. State Farm Gen. Ins. Co., Inc*, 2023 WL 6370868, at *3 (E.D. Cal. Sep. 30, 2023). In such circumstances, "courts often

examine the allegations of the complaint to determine whether the demand letter is a reasonable estimate of the plaintiff's damages" or nothing more than posturing. *Id*.

Here, Plaintiff's insurance complaint is similar to a demand letter for purposes of determining whether the jurisdictional limit has been reached. The insurance complaint weighs in favor of finding the jurisdictional limit as presumably Plaintiff understood her damages when the complaint was filed and appears to reflect a reasonable estimate of Plaintiff's damages. This is particularly true because the complaint in this matter identifies damages to be greater than $60,000 and Plaintiff acknowledges its current calculation of damages is approximately $70,000. Moreover, the medical costs documentation Plaintiff submitted does not appear complete considering the medical receipts are not cataloged by date, provider, and expense.

Based on the information presented, the Court finds by a preponderance of the evidence that Defendants have met their burden of establishing the jurisdictional limit. Accordingly, Plaintiff's motion to remand is DENIED.

Notwithstanding, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If during the course of this litigation the evidence identifies the amount in controversy is less than $75,000, this case shall be remanded. To avoid uncertainty in the timing of such a determination, Plaintiff can affirmatively state on the record she is limiting her recovery to $75,000. *See Bateman v. USAA Casualty Insurance Co.*, 2019 WL 2083034, *2 (W.D. Wash. May 13, 2019). If Plaintiff does so, the Court will enter an order remanding this matter to the Clark County Superior Court.

Dated this 2nd day of August, 2024.



David G. Estudillo

ORDER ON MOTION TO REMAND (DKT. NO. 12) - 4

1       United States District Judge

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON MOTION TO REMAND (DKT. NO. 12) - 5